UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NHIEN HUONG THI NGUYEN,    ]
    Plaintiff,             ]
                           ]
vs.                        ]   2:11-CV-0714-LSC
                           ]
MICHAEL J. ASTRUE,         ]
Commissioner of Social Security ]
    Defendant.             ]

MEMORANDUM OF OPINION

I.  Introduction

The Plaintiff, Nhien Huong Thi Nguyen, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Ms. Nguyen timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Nguyen was thirty-eight years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a tenth grade education. (Tr. at 15.) Her past work experiences include employment as a nail technician, assembler, and food processing line worker. (*Id.*) Ms. Nguyen claims that she became disabled on August

15, 2007, due to neck pain and spasms, back, leg, and foot pain, diabetes, numbness in the legs, difficulty using her right hand, kidney problems, high blood pressure, and hearing loss. (*Id.*)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1.   20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Nguyen meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 13.) He further determined that Ms. Nguyen has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id.* at 27.) According to the ALJ, Plaintiff's impairments of diabetes mellitus type II,

hypertension, hyperlipidemia, gastroesophageal reflux disease, polycystic kidney disease, history of renal stones, neck pain, and possible diabetic neuropathy are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id.*) The ALJ did not find Ms. Nguyen's allegations to be totally credible, and he determined that she has the following residual functional capacity: sedentary work which allows for no driving; occasional turning of her head or looking up or down; being able to sit or stand at her option; a temperature controlled environment; no lower extremity foot controls; no more than occasional bending, stooping, or climbing; and no work at unprotected heights. (*Id.* at 28.)

According to the ALJ, Ms. Nguyen is unable to perform any of her past relevant work. (*Id.*) The ALJ found that Ms. Nguyen has the residual functional capacity to perform a significant range of sedentary work. (*Id.*) Even though Plaintiff cannot perform the full range of sedentary work, the ALJ used Medical-Vocation Rule 201.25 as a guideline for finding that there are a significant number of jobs in the national economy that she is capable of performing, considering her age, education, past work experience, and residual function capacity. (*Id.*) The ALJ concluded his findings by

stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." (*Id.*)

II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's

decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III. Discussion

Ms. Nguyen alleges that the ALJ's decision should be reversed and remanded for four reasons. First, Plaintiff contends that the ALJ improperly discarded the opinion of Mr. McAdams, a physician's assistant who has treated her since at least 2003. (Doc. 8 at 11.) Second, she contends that the ALJ improperly discarded the opinion of Dr. Hakima, the DDS consultative medical examiner, and that the discarding of both opinions was reversible error. (*Id.*) Third, Plaintiff contends that the ALJ arbitrarily rejected uncontroverted medical evidence and substituted his own opinion for that of treating and consultative sources. (Doc. 8 at 11). Fourth, Plaintiff contends that the ALJ failed to fully and fairly develop the record by not ordering a second consultative examination or obtaining other evidence. (*Id.*)

A. Treating Physician's Assistant Opinion

Plaintiff contends that the ALJ improperly evaluated her treating physician assistant's opinion. (Doc. 8.) A physician assistant is not considered an acceptable medical source; however, evidence from other sources may be used to show the severity of the impairment and how it affects the claimant's ability to work. 20 C.F.R. § 404.1513 (a),(d). The distinction between acceptable medical sources and other sources is that only acceptable medical sources can provide medical opinions, establish the existence of a medically determinable impairment, be considered a treating source, or be entitled to controlling weight (if a treating source). *See* SSR 06-03p[1]. Opinions from medical sources who are not "accepted medical sources" should be evaluated on key issues, such as impairment severity and functional effects, along with other relevant evidence in the file. *Id.* Weight is to be given to non-controlling opinions in light of the following factors: relationship between the medical source and the claimant, evidence the medical source presents to support the opinion, consistency of the opinion with the record as a whole, and specialty of the medical source. 20 C.F.R. § 404.1527 (d); 20 C.F.R. § 416.927 (c). An ALJ's rejection of non-treating source opinion will be supported by substantial evidence when (1) the opinion's source is not

---

[1] Available at http://www.ssa.gov/OP_Home/rulings/di/01/SSR2006-03-di-01.html.

considered an "acceptable source" capable of establishing the existence of an impairment, and (2) the opinion is inconsistent with other treatment notes. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (citing 20 C.F.R. §§ 404.1513(a), 416.913(a)).

Plaintiff claims that Mr. McAdams's opinion should have been given greater weight because the records indicate that he has been her treating source for much of the time since 2001. (Doc 8 at 11.) Mr. McAdams is a physician assistant, not an "accepted medical source," and therefore his opinion has no controlling weight. However, his opinion is to be considered in light of the factors stated above to determine key issues. The ALJ gave little weight to Mr. McAdams's opinions regarding Plaintiff's level of pain and limitations after determining that his opinions are not consistent with Plaintiff's treating medical records. (Tr. at 13.)

Mr. McAdams completed a physical capacities evaluation for Plaintiff in April of 2008 and again in June of 2009. (Tr. at 375, 420.) The 2008 evaluation states that Plaintiff can lift and carry ten pounds occasionally or less frequently, gives no opinion on the number of sitting and standing hours of which the Plaintiff is capable of performing, and states Plaintiff can never perform gross or fine manipulation. (Tr. at 374-75.) The 2009 evaluation found that Plaintiff can lift or carry five pounds

occasionally or less, can sit and stand each for one hour per day, and can occasionally perform gross or fine manipulation. (Tr. at 420.) Mr. McAdams's 2008 clinical assessment of fatigue or weakness states Plaintiff's fatigue or weakness "is present to such an extent as to negatively affect adequate performance of daily activities or work" and that physical activity such as walking, standing, bending, stooping or moving of extremities will "greatly increase fatigue/weakness and to such a degree as to cause total abandonment of tasks." (Tr. at 379.) The 2008 assessment is inconsistent with the 2009 assessment which states that Plaintiff's fatigue or weakness is present, but does not prevent functioning in everyday activities or work. It also stated that physical activity such as the type listed above will cause some increase in fatigue or weakness, but not to such an extent as to prevent adequate functioning at such tasks. (Tr. at 423.)

Mr. McAdams's opinion, as claimed by the ALJ, is also inconsistent with his own records. While his evaluation found that Plaintiff experiences a level of pain to the extent as to be distracting to adequate performance of daily activities or work (Tr. at 376, 421), his own records from 2007 through 2009 do not show that any such pain was reported. (Tr. at 426, 440, 444.) Sporadic pain was reported in Plaintiff's right foot and leg in March, but no pain was reported in the following month. (Tr. at 443, 444, 449.) In August of 2008, only left side pain at a level 4 was reported. (Tr. at 435.) In

December 2008, abdominal pain was reported, but Mr. McAdams's record indicates that pain was likely due to kidney stones, an acute—not chronic—condition. (Tr. at 430.) Plaintiff alleges disabling pain in the neck. (Tr. at 22.) However, there is no recorded neck pain before or after December 2008, and all examinations before and after December 2008 found the neck supple. (Tr. at 398.) Mr. McAdams reported Plaintiff's cervical spine to be normal in December 2008 (Tr. at 398), and no pain at all was reported in March of 2009. (Tr. at 426.) The record does not indicate that chronic pain medication, physical therapy, steroids, or reference to a specialist was prescribed for the Plaintiff, and therefore does not indicate debilitating pain was present. In fact, Plaintiff reported improvement in pain in October of 2008. (Tr. at 415.) There is also nothing in the record to support Mr. McAdams's opinion of Plaintiff's fatigue or weakness, nor was there a physical examination given. To the contrary, Mr. McAdams's assessment indicates that Plaintiff had good range of motion in extremities and grip strength of 4/5 (Tr. at 449, 430.) While Mr. McAdams's opinion indicates that side effects of Plaintiff's medication would affect her ability to work, the record does not indicate any such side effects.

     Plaintiff's only argument for giving greater weight to Mr. McAdams's opinion is that he has been treating the Plaintiff since 2001. Given that his opinion does not

receive controlling weight, as he is not a physician, and given the inconsistencies between Mr. McAdams's evaluations and his own records, the ALJ had good cause to give little weight to his assessment of the plaintiff's condition.

B. Examining Physician's Opinion

Plaintiff's second claim is that the ALJ improperly discounted the opinion of its own DDS consultative medical examiner. (Doc. 8 at 11.) Although Dr. Hakima's opinion is to be given some weight, she is an examining physician and not a treating physician, and therefore her opinion is not entitled to the substantial weight afforded a treating physician. *McNamee v. SSA*, 164 Fed. Appx. 912, 919 (11th Cir. 2006). As stated above, the regulations require the ALJ to apply several factors when determining the weight to be given each opinion. 20 C.F.R. § 404.1527(c). The Commissioner's decision must be reviewed to "determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Even if the evidence preponderates against the commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Id.* at 1158-59.

Dr. Hakima did not give an opinion regarding the Plaintiff's physical limitations but gave diagnoses, some of which the ALJ found were not supported by the record as

a whole and which the ALJ specifically noted in the decision. (Tr. at 23-25.) The ALJ determined that Dr. Hakima's diagnosis of suspected cardiomyopathy was not supported by the Plaintiff's medical records because there was no indication of any cardiovascular impairment other than hypertension. (Tr. at 425-49.) In addition, tests and examinations made in 2008 and 2009 consisting of a chest x-ray, a myocardial perfusion imaging scan, and an exercise stress test indicate normal function. (Tr. at 394-97.) Dr. Hakima also issued a diagnosis of cervical degenerative disc disease; however, the records indicate that the Plaintiff only complained of neck pain once in 2008, and a cervical spine x-ray and cervical compression test both taken in 2008 came back normal. (Tr. at 398, 430.) Additionally, several examinations in 2008 and 2009 indicated the neck was supple. (Tr. 426, 430, 435, 440, 449.) The examinations failed to indicate any masses in the plaintiff's neck, thus giving no support to Dr. Hakima's diagnosis of a goiter. (*Id.*)

### C. Arbitrary Disregard for Uncontroverted Medical Evidence

Regardless of whether or not the ALJ accepted Dr. Hakima's diagnosis, it is the Commissioner's responsibility—not the medical professional's—to determine whether the Plaintiff's impairments qualify as a disability under 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1527(e). "The mere existence of impairments

does not reveal the extent to which they limit the Plaintiff's ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Plaintiff accuses the ALJ of substituting his own opinion for those of the consultative examiner and other treating sources. (Doc. 8 at 13.) The ALJ's decision states that while the record does indicate that Plaintiff's conditions are capable of producing some pain and other limitations, the evidence as a whole does not reasonably support a conclusion of disabling pain and limitations within the meaning of the Social Security Act. *See Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984) ("It was not inconsistent for the ALJ to find that [Plaintiff] suffers pain in fact and yet is not so severely impacted as to meet the stringent disability imposed by the Act."). The ALJ's decision does not contradict any of Dr. Hakima's findings because she did not assess the Plaintiff's work limitations, but only gave diagnoses. (Tr. at 320-23.) Moreover, the ALJ's decision indicates that he does take Dr. Hakima's diagnoses into account when he concludes that Plaintiff is able to do sedentary work including occasional turning of the head or looking up and down and no lower extremity foot controls. (Tr. at 26.) For the same reasons stated above, the ALJ's decision did not arbitrarily reject uncontroverted medical evidence and for a "hunch or intuition." (Doc. 8 at 13.) Instead, the ALJ supports his conclusions with specific findings from

the record. (Tr. 12-29.) Therefore, the ALJ's evaluation of Dr. Hakima's diagnosis is supported by substantial evidence.

D. Failure to Fully Develop the Record

Plaintiff's fourth claim is that the ALJ failed in his duty to fully develop the record by not sending Plaintiff to another examiner or obtaining more evidence to support his opinion, which, Plaintiff argues, is contrary to the opinions of a consultative examiner and a long-term treating physician assistant. (Doc. 8 at 12.) "It is well established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). However, "the Plaintiff bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison*, 355 F.3d at 1276; *see also* 20 C.F.R. §§ 404.1512(a), (c). There must be a showing of prejudice in order to trigger remand for reconsideration; the record must reveal "evidentiary gaps which result in unfairness or clear prejudice." *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982). Plaintiff claims that the ALJ did not obtain enough evidence to make an informed decision because he "did not find any [evidence] from any examining source that he wanted to except." (Doc. 8 at 13.) Plaintiff offers no evidence of being prejudiced in the development of the record, no support for an argument of an evidentiary gap in the

evidence, and no reason why a second consultative examination would further develop the record or change the ALJ's decision. (*Id.*) Plaintiff argues that the ALJ did not believe what the examining physician said, and therefore should have obtained evidence from another source to support his position. (*Id.*) However, for the reasons discussed above, the ALJ does not disregard the examining physician's opinion but instead uses it to conclude that the Plaintiff's claim as disabled under the Social Security Act is not supported by the record. Moreover, the ALJ need not order an additional consultative examination where the record was sufficient for a decision. *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999).

IV.   Conclusion

Upon review of the administrative record, and considering all of Ms. Nguyen's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 6th day of July 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167458